Filed 9/15/20  P. v. Odisho CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058019 |
| v. | (Super. Ct. No. 19NF0098) |
| ALEN SABEH ODISHO, | O P I N I O N |
| Defendant and Appellant; | |

Appeal from a judgment of the Superior Court of Orange County, Andre Manssourian, Judge.  Sentence vacated and remanded for resentencing.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Natasha Cortina and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Alen Sabeh Odisho pleaded guilty to carrying a loaded stolen firearm in public, possession of a firearm by a felon, three counts of identity theft with prior conviction, possession of ammunition by prohibited person, two counts of possession of controlled substances, possession of controlled substance paraphernalia, and driving on a suspended license. Defendant also admitted various sentence enhancement allegations, including six prison prior convictions. (Pen. Code § 667.5, subd. (b); section 667.5(b)).

Consistent with the indicated sentence communicated to defendant prior to his guilty plea, the trial court sentenced defendant to four years in prison including a one-year prison prior enhancement under section 667.5(b).

Defendant timely appealed and sought but was denied a certificate of probable cause for appeal based upon defendant's contention that he was "under duress" and misunderstood the terms of his sentence. We conclude a certificate of probable cause was not required, for reasons which we will explain.

Subsequently, the Legislature enacted Senate Bill No. 136 (SB 136), which amended section 667.5(b), providing that the one-year enhancement now only applies where the prior prison sentence arose from a conviction for a sexually violent offense.

Defendant contends, the People concede, and we agree, the subsequent enactment of SB 136 requires us to strike the section 667.5(b) enhancement. Consequently, we vacate the sentence and remand for resentencing.

## DISCUSSION

*A. Certificate of Probable Cause Was Not Required*

Penal Code section 1237.5 requires defendants in criminal cases who plead guilty and take an appeal from the resulting conviction to seek and obtain a certificate of probable cause from the trial court to proceed with the appeal. This requirement applies to claims that operate "'*in substance* [as] a challenge to the validity of the plea.'" (*People v. Hurlic* (2018) 25 Cal.App.4th 50, 55, original italics.)

2

After the completion of briefing in this case, our Supreme Court decided *People v. Stamps* (2020) 9 Cal.5th 685, resolving an existing split of authority over whether a certificate of probable cause was required when a defendant appeals from his or her sentence based upon a subsequent retroactive change in the law. *Stamps* held no certificate was required. (*Id*. at p. 698.) The *Stamps* decision squarely applies in this case, and in any event, the People have conceded the issue.

*B. SB 136 Applies Retroactively*

The only substantive issue raised on appeal is defendant's request to strike the section 667.5(b) enhancement based upon SB 136. The parties agree "[t]he amendment applies retroactively to all defendants whose judgments are not yet final" as of January 1, 2020 (the effective date of the amendment), and defendant's case was not final as of that date. (*People v. Petri* (2020) 45 Cal.App.5th 82, 94.) We agree too.

The parties also agree, as do we, in cases like this one, involving a guilty plea pursuant to an indicated sentence after which the trial court exercised its discretion to strike other sentence enhancements, the proper disposition is to remand for resentencing. (*People v. Keene* (2019) 43 Cal.App.5th 861, 865.)

3

## DISPOSITION

The sentence is vacated. The trial court is ordered to strike section 667.5(b), prior prison enhancement and to resentence defendant. Defendant's new sentence shall not exceed his previous sentence, i.e., four years in prison. Following resentencing, the trial court shall amend the abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

THOMPSON, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

IKOLA, J.